UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| TILLY LEE WINBURN, individually; BRIAN RICHARD GARRETT, individually, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN RUTHERFORD, in his official capacity as Sheriff of Duval County, Florida; JEFFREY K. LENTZ, individually; and SELMER ISIC, individually, <br><br> Defendants. | CASE NO.: 3:14-CV-1095 <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, TILLY LEE WINBURN ("Winburn") and BRIAN RICHARD GARRETT ("Garrett") (collectively, the "Plaintiffs"), by and through their undersigned counsel, hereby sue JOHN RUTHERFORD ("Sheriff Rutherford"), in his official capacity as Sheriff of Duval County, Florida, JEFFREY K. LENTZ ("Lentz"), individually, and SELMER ISIC ("Isic"), individually (collectively, Lentz and Isic shall be referred to as the "Officers"), and allege the following:

**JURISDICTION AND VENUE**

1. This is an action for monetary damages, brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Florida law.

2. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction), and 28 U.S.C. § 1367(a) (supplemental).

3. Venue is proper in this judicial district and division, pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02. Plaintiffs reside in this judicial district and division. Additionally, all conduct giving rise to the claims herein occurred in this judicial district and division.

**PARTIES**

4. At all times material hereto, Winburn was a private individual and resident of Duval County, Florida. On April 29, 2014, in Jacksonville, Duval County, Florida, Winburn was subjected to a warrantless arrest by Officers of the Jacksonville Sheriff's Office ("JSO"), in spite of her actual innocence, and in spite of there having been no probable cause or even arguable probable cause to believe that she had committed a crime.

5. At all times material hereto, Garrett was a private individual and resident of Duval County, Florida. On April 29, 2014, in Jacksonville, Duval County, Florida, Garrett was subjected to a warrantless arrest by JSO Officers, in spite of his actual innocence, and in spite of there having been no probable cause or even arguable probable cause to believe that he had committed a crime.

6. Sheriff Rutherford is now, and at all times material hereto was, the Sheriff of Duval County, Florida. He assumed office in July 2003. As Sheriff of Duval County, Florida, he exercises overall responsibility for the policies, training, instruction, supervision, customs, practices, policies, discipline, control and conduct of all law enforcement officers employed by the JSO. Sheriff Rutherford made policy for the JSO with respect to searches, seizures, arrests and use of force. At all times material hereto, Sheriff Rutherford had the power, right and duty to train and control his officers, agents and employees to conform to the Constitution of the

United States.  At all times material hereto, Sheriff Rutherford, and his agents and employees, acted under color of state law.

7. Lentz is now, and at all times material hereto was, a law enforcement officer employed by the JSO.  At all times material hereto, Lentz acted under color of state law.

8. Isic is now, and at all times material hereto was, a law enforcement officer employed by the JSO.  At all times material hereto, Isic acted under color of state law.

### GENERAL ALLEGATIONS

9. On the evening of April 29, 2014, Plaintiffs were shopping at the Wal-Mart store, located at 13490 Beach Blvd. in Jacksonville, Duval County, Florida.  They were there, hoping to shop for home goods for the home where they lived as roommates.

10. After gathering several items in their shopping cart, Plaintiffs sought to find the "Layaway" department so that they could pay for their merchandise over time, rather than immediately.

11. After they learned that Wal-Mart does not have a "Layaway" department, Winburn separated from Garrett, who continued to push the shopping cart around the store.

12. Winburn went outside the store and toward her car so that she could smoke a cigarette and retrieve her credit card from Garrett's car.  She intended to return to the store so that she and Garrett could purchase at least some of the items in the cart, while abandoning the other items that she and Garrett could not immediately afford.

13. After a short time passed, Garrett pushed the shopping cart towards the front of the store and asked a Wal-Mart associate in the Deli department if Garrett could leave his shopping cart by the Deli while he walked outside to find Winburn.

14. The Wal-Mart associate responded in the affirmative, after which Garrett walked outside the store and towards his car, where Winburn was. Garrett intended to return to the store so that he and Winburn could purchase at least some of the items in the cart, while abandoning the other items that he and Winburn could not immediately afford.

15. As Garrett was leaving the store, he was detained by the Officers and later arrested for grand theft.

16. The Officers also arrested Winburn for grand theft.

17. Neither Winburn nor Garrett committed the crime of grand theft.

18. No reasonable Florida law enforcement officer could have arrested Winburn or Garrett for the crime of grand theft.

19. The evidence obtained from JSO's investigation of Plaintiffs did not give the JSO probable cause, or even arguable probable cause, to arrest the Plaintiffs.

## ALLEGATIONS REGARDING DAMAGES

20. As a direct and proximate result of the their warrantless, false arrests, Plaintiffs both have suffered loss of liberty, embarrassment, anxiety, severe emotional distress, and inconvenience.

21. As a direct and proximate result of her warrantless, false arrest, Winburn spent one day in the Duval County Pre-Trial Detention Center.

22. While Winburn was handcuffed in the back seat of the police cruiser, she complained that her handcuffs were too tight and that they were hurting her. One of the JSO Officers responded by tightening the handcuffs rather than loosening them. This left Winburn with bruises and cuts on her wrists. In addition to the physical trauma caused by the handcuffs, Winburn suffered additional emotional distress therefrom.

23. As a direct and proximate result of his warrantless, false arrest, Garrett spent eleven days in the Duval County Pre-Trial Detention Center.

24. Plaintiffs have retained The Bonderud Law Firm, P.A. to represent them in this lawsuit and have agreed to pay a reasonable attorney fee and related costs.

25. All conditions precedent to Plaintiffs' recovery in this action have occurred, accrued, or been waived as a matter of law. Plaintiffs provided the City of Jacksonville ("COJ"), Office of General Counsel, with pre-suit notice via written letters, both dated November 7, 2014, pursuant to FLA. STAT. § 768.28 and JACKSONVILLE, FLA., CODE §§ 112.201, et seq.

26. Plaintiffs demand a trial by jury on all issues so triable.

27. Herein, Plaintiffs assert rights to relief that arise out of the same series of transactions or occurrences. Common issues of law and fact predominate over individual issues of law and fact. Thus, Plaintiffs properly have joined their claims in one lawsuit against Sheriff Rutherford and the Officers.

### COUNT I – 42 U.S.C. §§ 1983 and 1988
### (Winburn vs. Lentz and Isic)

28. Winburn realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

29. Winburn brings a claim pursuant to 42 U.S.C. §§ 1983 and 1988 against the Officers in their individual capacities for deprivation of civil rights under color of state law.

30. The Officers, individually, deprived Winburn of her Fourth Amendment right to be free from unreasonable searches and seizures.

31. The Officers' conduct was objectively unreasonable and in violation of Winburn's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

**WHEREFORE**, Winburn demands judgment against the Officers, jointly and severally, for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages;

c. Costs of suit;

d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT II – 42 U.S.C. §§ 1983 and 1988
### (Garrett vs. Lentz and Isic)

32. Garrett realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

33. Garrett brings a claim pursuant to 42 U.S.C. §§ 1983 and 1988 against the Officers in their individual capacities for deprivation of civil rights under color of state law.

34. The Officers, individually, deprived Garrett of his Fourth Amendment right to be free from unreasonable searches and seizures.

35. The Officers' conduct was objectively unreasonable and in violation of Garrett's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

**WHEREFORE**, Garrett demands judgment against the Officers, jointly and severally, for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages;

c. Costs of suit;

d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

6

Case 3:14-cv-01095-MMH-PDB   Document 16   Filed 05/27/15   Page 7 of 10 PageID 107

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT III – False Arrest / False Imprisonment
### (Winburn vs. Sheriff Rutherford)

36. Winburn realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

37. The Officers directly and proximately caused Winburn's arrest in the absence of probable cause to believe that she had committed any criminal offense. The actions of the Officers, in causing the arrest of Winburn, were taken in the absence of lawful authority.

38. The actions of the Officers constitute false arrest/false imprisonment of Winburn under Florida law.

39. The Officers committed the false arrest/false imprisonment of Winburn in the course and scope of their employment as Jacksonville Sheriff's Officers.

**WHEREFORE**, Winburn demands judgment against Sheriff Rutherford in his official capacity, for the following:

a. Compensatory damages, including general and special damages;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT IV – False Arrest / False Imprisonment
### (Garrett vs. Sheriff Rutherford)

40. Garrett realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

41. The Officers directly and proximately caused Garrett's arrest in the absence of probable cause to believe that he had committed any criminal offense. The actions of the Officers, in causing the arrest of Garrett, were taken in the absence of lawful authority.

42. The actions of the Officers constitute false arrest/false imprisonment of Garrett under Florida law.

43. The Officers committed the false arrest/false imprisonment of Garrett in the course and scope of their employment as Jacksonville Sheriff's Officers.

**WHEREFORE**, Garrett demands judgment against Sheriff Rutherford in his official capacity, for the following:

   a. Compensatory damages, including general and special damages;

   b. Cost of suit;

   c. Trial by jury as to all issues so triable; and

   d. Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT V – False Arrest / False Imprisonment
### (Winburn vs. Lentz and Isic)

44. Winburn realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

45. The Officers directly and proximately caused Winburn's arrest in the absence of probable cause to believe that she had committed any criminal offense. The actions of the Officers, in causing the arrest of Winburn, were taken in the absence of lawful authority.

46. The actions of the Officers constitute false arrest/false imprisonment of Winburn under Florida law.

47. Alternatively to the allegations set forth in Count III, if the arrest of Winburn by the Officers was committed outside the course and scope of his employment, or in bad faith or

with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct of the Officers occurred in their individual capacities.

**WHEREFORE**, Winburn demands judgment against the Officers, jointly and severally, for the following:

    a. Compensatory damages, including general and special damages;

    b. Cost of suit;

    c. Trial by jury as to all issues so triable; and

    d. Such other and further relief as this Honorable Court deems just and appropriate.

<u>**COUNT VI – False Arrest / False Imprisonment**</u>
**(Garrett vs. Lentz and Isic)**

48. Garrett realleges and incorporates by reference paragraphs one (1) through twenty-seven (27), as though fully set forth herein.

49. The Officers directly and proximately caused Garrett's arrest in the absence of probable cause to believe that he had committed any criminal offense. The actions of the Officers, in causing the arrest of Garrett, were taken in the absence of lawful authority.

50. The actions of the Officers constitute false arrest/false imprisonment of Garrett under Florida law.

51. Alternatively to the allegations set forth in Count IV, if the arrest of Garrett by the Officers was committed outside the course and scope of their employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct of the Officers occurred in their individual capacities.

**WHEREFORE**, Garrett demands judgment against the Officers, jointly and severally, for the following:

    a. Compensatory damages, including general and special damages;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other and further relief as this Honorable Court deems just and appropriate.

Dated May 27, 2015.                              **THE BONDERUD LAW FIRM, P.A.**

                                                 **/s/ *Andrew M. Bonderud***
                                                 Andrew M. Bonderud, Esq.
                                                 T***RIAL*** C***OUNSEL***
                                                 Florida Bar No. 102178
                                                 814 A1A North, Suite 202
                                                 Ponte Vedra Beach, FL 32082
                                                 Tel: 904-438-8082
                                                 Fax: 904-800-1482
                                                 E-Mail: BonderudLaw@gmail.com
                                                 *Attorney for Plaintiffs*


<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that, on May 27, 2015, I filed the foregoing document with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to Sean Bryan Granat, Esq. (sgranat@coj.net) and Tiffiny Douglas Safi, Esq. (tsafi@coj.net), Attorneys for Defendant Sheriff John Rutherford.

                                                 **/s/ *Andrew M. Bonderud***
                                                 Attorney